UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JACQUELINE GREEN, | § § | |
| Plaintiff, | § | |
| v. | § § | CIVIL ACTION NO. |
| TEXAS DEPARTMENT OF FAMILY PROTECTIVE SERVICES, Margie Hernandez, Anna Rios, Sherry Gomez, & Emily Winfield, | § § § § § § | SA-12-CV-030 OG |
| Defendants. | § | |

## ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

This order addresses plaintiff Jacqueline Green's motion for appointment of counsel. Green seeks to sue a former employer, Texas Department of Family Protective Services (the Department) and various Department employees for unlawful employment discrimination. Green asked the court to appoint an attorney to represent her.

"There is no automatic right to the appointment of counsel; and in a civil case a federal court has considerable discretion in determining whether to appoint counsel."[1] In considering a plaintiff's request for counsel in an employment discrimination case, the court considers the following factors: "(1) the merits of the plaintiff's claims of

---

[1] *Salmon v. Corpus Christi Indep. Sch. Dist.*, 911 F.2d 1165, 1166 (5th Cir. 1990).

discrimination; (2) the efforts taken by the plaintiff to obtain counsel; and (3) the plaintiff's financial ability to retain counsel."[2]

**The merits of Green's claims**.  Green's claims are not complex.  Green alleges she was fired four days after she was hired because she cannot drive on the highway.  Green maintains that her termination constituted employment discrimination based on race and disability.  Green's allegations suggest she was terminated because she did not meet a requirement for her job—driving on the highway—not because of race or disability.  Even if Green establishes a prima facie case of race and disability discrimination, she must present substantial evidence that the Department's reason for terminating her was pretext for race and disability discrimination.[3]  Because Green's allegations indicate she did not meet the requirements of her job, the merits of Green's claims weigh against appointing an attorney.

**Green's efforts to obtain counsel**.  Green indicated she called a legal aid agency and received a recording stating the agency was not accepting new cases due to lack of funding.  Such minimal effort to obtain representation weighs against appointing an attorney.

**Green's financial ability to retain counsel**.  Green asked to proceed in forma

---

[2]*Gonzalez v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990).

[3]*Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 345 (5th Cir. 2007); *McInnis v. Alamo Community College Dist.*, 207 F.3d 276, 282 (5th Cir. 2000).

2

pauperis. Green appears to lack financial resources for a retainer to hire an attorney, but I am mindful of provisions for an attorney's fee for a prevailing party in an employment discrimination lawsuit.[4] The provisions enable an attorney to represent a plaintiff who has a meritorious claim, but few financial resources. In light of this provision, this factor weighs neither for nor against appointing counsel.

**Conclusion**. The balance of applicable factors weighs against appointing an attorney. For that reason, and because the law and burdens in regard to claims alleging unlawful employment discrimination are well-settled, I DENY the motion for appointment of counsel (docket entry # 2). Green should familiarize herself with the district's *Pro Se Manual*. The manual provides guidance for unrepresented litigants. Green can access the manual via the district's web-site, www.txwd.uscourts.gov, under the Publications tab.

**SIGNED** on January 19, 2012.

_Nancy Stein Nowak_
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[4] 42 U.S.C. § § 2000e-5(k) & 12205.